<em>Windham,</em><br>July,<br>1826.<br>~~~~<br>Greene<br><em>v.</em><br>Dennis.

—◦◦—

### Houghton *against* Havens and another.

In an action for a secret assault, founded on the statute, the state must be joined.
Of such action the county court has final and conclusive jurisdiction.
Therefore, an appeal does not lie from the judgment of the county court, in an action *qui tam,* on the statute, for a secret assault, although the damages demanded by the plaintiff, and awarded to him by the judgment, exceed seventy dollars.

This was an action *qui tam,* on the statute " for the detection and punishment of secret assaults," (*Stat.* 407. *tit.* 85.) brought originally before a justice of the peace.

*Thomas Houghton,* as well for the state of *Connecticut,* as for himself, complained, that *Abraham Havens* and *James Havens,* at *Thompson,* on the 20th of *April,* 1825, made a secret assault on him, and him then and there secretly beat, bruised and evilly entreated, against the peace, and contrary to the form and effect of the statute law in such case made and provided, and to his damage the sum of 500 dollars. On this process the jus-

*Windham,*
July,
1826.

Houghton
*v.*
Havens.

tice, after having examined the complainant on oath, and inspected the marks and wounds on his body, took a recognizance of the defendants, with surety, to appear before the county court, and answer the complaint, and abide the judgment of that court thereon. The defendants accordingly appeared before that court, and pleaded *Not guilty;* on which issue was joined. After a trial, the court found and adjudged the defendants *guilty*, and awarded to the plaintiff 100 dollars damages, with costs of suit, and sentenced *Abraham Havens* to pay a fine of 15 dollars, and *James Havens* a fine of 5 dollars. From this judgment the defendants moved for an appeal to the superior court; which was allowed. Before the superior court, the plaintiff interposed his plea in abatement, on the ground that the county court had, in this case, conclusive jurisdiction. The defendants having demurred to this plea in abatement, the case was reserved for the advice of this Court as to the judgment to be rendered.

*McClellan* and *Goddard*, in support of the demurrer, contended, That by the statute, on which this proceeding is founded, and by which alone it is governed throughout, the county court has final and conclusive jurisdiction. The bond to be taken by the justice, and which was taken in this case, is " to appear at the next county court, and answer to the complaint, and pay all such damages as shall be awarded against him, *by the final judgment of said court.*" (*Sect.* 1.) If there may be an appeal, it vacates the bond ; for there can be no final judgment of the county court after the appeal. Further, the court authorized to try the cause, has power, on conviction of the defendant, to impose on him a fine to the treasurer of the county; (*Sect.* 2.) and the county court in this case did impose a fine on each of the defendants. If the appeal is sustainable, what becomes of these fines ? The judgment is clearly vacated in relation to them, as well as in relation to the damages awarded to the plaintiff. Can the superior court fine the defendants again ? No authority can be shewn for this. In this peculiar and mixed proceeding, the legislature evidently intended, that the judgment of the county court should be final and conclusive.

*Cleaveland* and *Welch*, contra, insisted, That the cause was appealable under the general provision of the statute (*p.* 51. *s.* 62.) authorizing appeals from the county court, in actions

wherein the matter in dispute exceeds seventy dollars. The privilege given by this statute, to the party aggrieved, cannot be taken away by construction. The statute relating to "*secret assaults*" is silent on this subject; leaving the right of the party aggrieved, under the general law, untouched. Nor is there much soundness in the objections to this doctrine. The superior court can impose a fine for the offence charged in this complaint. *Lyon* v. *Badger*, coram *Brainard*, J. in *Windham* county. The condition of the bond cannot controul the right of appeal. The words "final judgment," are used in the statute, in contradistinction to an interlocutory judgment. To construe these words as taking away the right of appeal, would be straining their import unwarrantably.

BRAINARD, J. The question is, whether this appeal is sustainable; whether the action under the statute against secret assaults, is not within the final and conclusive jurisdiction of the county court?

This question depends on the nature and character of the action. The process *qui tam*, as it has been often used, is a nondescript in legal science. But certain principles have been settled, which perhaps are decisive of this point.

The case of *Northrop* v. *Bush* and another, *Kirby* 108. was an action in the name of *Northrop* alone, without any notice of the state. In that case, no exception was taken to the form of action.

The point, whether under this statute, it were necessary for the party to join with the state, was never, to my knowledge and recollection, distinctly made, until the case of *Usher* v. *Carrier*, tried before the superior court in *Middlesex* county, summer circuit (I believe) of 1808.

The court decided, that in a process under that statute, it was indispensible to join the state; that the process, from its nature, must be a *forthwith* process; that it could not, and ought not, to be in the power of one individual, by the strength of his own arm, to call another immediately to appear and answer, without calling in aid the power and dignity of the state.

This decision, I believe, has ever since been uniformly acquiesced in. This settles the point, that the state must be joined, as it is in the present case. But the question is not fully disposed of. Was the action appealable?

Without relying on the case of *Coit* v. *Geer*, *Kirby* 269. which

*Windham,*
July,
1826.

Houghton
*v.*
Havens.

*Windham,
July,
1826.*

*Houghton
v.
Havens.*

I hold to be law, I should say, it was not. When the state is fairly and legally a component part, in a process before a court of competent jurisdiction, the decision of that court ought to be conclusive, at least against the state, and the party who has joined himself with it; and if conclusive against this combined and complex party, it is difficult for me to see why it should not be against the other. I speak not of actions *qui tam* for penalties, merely for the recovery of a certain sum of money. But be this as it may, in other cases of *qui tam* process, it appears to me, that in this instance, the statute determines what court shall have final jurisdiction, in case of prosecution under it. For it says "the justice, on finding certain facts, shall bind the party complained of, in a sufficient bond, with sureties, to the adverse party, to appear at the next county court in the county, and answer to the complaint, and pay all such damages as shall be awarded against him, by the *final judgment of said court :*" And further, " that he shall pay to the treasurer of the county such fine as *said court* shall impose."

Should this appeal be sustained, the judgment for the fines, as well as for the damages, would be annulled; and I do not see, that it would be in the power of the superior court to impose others in their stead.

I am of opinion, that the appeal is not sustainable; and would, therefore, advise, that the judgment of the superior court be, that the plaintiff's plea in abatement is sufficient.

The other Judges were of the same opinion.

Appeal abated.